AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

District of Kansas

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

An iPhone 17 cellular telephone obtained from Cameron Blount at the time of his arrest and currently located within the Homeland Security Investigations office in Wichita, Kansas

Case No. 26-M- 6231 -01-BGS

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ________ District of Kansas *(identify the person or describe the property to be searched and give its location)*:

An iPhone 17 cellular telephone obtained from Cameron Blount at the time of his arrest and currently located within the Homeland Security Investigations office in Wichita, Kansas.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before 10/05/2026 *(not to exceed 14 days)*

❐ in the daytime 6:00 a.m. to 10:00 p.m. ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Honorable Brooks G. Severson.
*(United States Magistrate Judge)*

❐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

❐ for ____ days *(not to exceed 30)* ❐ until, the facts justifying, the later specific date of ____________.

Date and time issued: 9/21/2026 at 4:57 p.m.

Brooks Severson
*Judge's signature*

City and state: Wichita, Kansas

Honorable Brooks G. Severson, U.S. Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

**Return**

| Case No.: 26-M-6231-01-BGS | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: ____________________

____________________
*Executing officer's signature*

____________________
*Printed name and title*

# ATTACHMENT A

## DEVICE TO BE SEARCHED

An **iPhone 17 cellular telephone** obtained from **Cameron Blount** at the time of his arrest and currently located within the Homeland Security Investigations office in Wichita, Kansas.

## ATTACHMENT B

## PARTICULAR ITEMS TO BE SEIZED

All records on the **TARGET DEVICE** described in Attachment A that relate to violations of 18 U.S.C. §§ 2422(b); 2423(a), (b) and (f); 2251(a) and (e); 2252A(a)(2) and (b)(1); 2252A(a)(5) and (b)(2); and 875(c), or attempts to do so, concerning the sexual exploitation of minors. This authorization includes the search of electronic data to include deleted data, remnant data and slack space. The seizure and search of computers and computer media will be conducted in accordance with the procedures set forth in the affidavit submitted in support of this warrant. Items to be seized include the following:

1. Any and all computer software, including programs to run operating systems, applications, utilities, compilers, interpreters, and communications programs, including, but not limited to, P2P or other software or applications that may be, or are used to: visually depict child pornography or child erotica; display or access information pertaining to a sexual interest in child pornography; display or access information pertaining to sexual activity with children; or distribute, possess, or receive child pornography, child erotica, or information pertaining to an interest in child pornography or child erotica.

2. Any and all notes, documents, records, or correspondence, in any format and medium (including, but not limited to, e-mail messages, chat logs, google searches and electronic messages) pertaining to the offenses listed above.

3. In any format and medium, all originals, computer files, copies, and negatives of child pornography as defined in 18 U.S.C. § 2256(8), visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2), or child erotica.

4. Any and all diaries, address books, names, and lists of names and addresses of individuals who may have been contacted by the operator of the **TARGET DEVICE** for the purpose of engaging in the offenses listed above.

5. Any and all records or correspondence, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages), identifying persons transmitting, through interstate or foreign commerce by any means, including, but not limited to, by the United States Mail or by computer, any child pornography as defined in 18 U.S.C. § 2256(8) or any visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

6. Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, other digital data files and web cache information) concerning the offenses listed above.

7. Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files) concerning communications between individuals about exploiting children or child pornography or the existence of sites on the Internet that contain child pornography or that cater to those with an interest in exploiting children or child pornography.

8. Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files) concerning membership in online groups, clubs, or services that exploit children or provide or make accessible child pornography to members.

9. Any and all records, documents, invoices and materials, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files) that concern any accounts with an Internet Service Provider.

10. Any and all records, documents, invoices and materials, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files) that concern online storage or other remote computer storage, including, but not limited to, software used to access such online storage or remote computer storage, user logs or archived data that show connection to such online storage or remote computer storage, and user logins and passwords for such online storage or remote computer storage.

11. Any and all visual depictions of minors.

12. Evidence of any interaction with, photos of, or evidence of the above referenced crimes involving MV1 and any other minors.

13. Any and all address books, mailing lists, supplier lists, mailing address labels, and any and all documents and records, in any format or medium (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files), pertaining to the preparation, purchase, and acquisition of names or lists of names to be used in connection with the purchase, sale, trade, or transmission, through interstate or foreign commerce by any means, including by the United States Mail or by computer, any child pornography as defined in 18 U.S.C. § 2256(8) or any visual depiction of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

14. Any and all diaries, notebooks, notes, and any other records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

15. Evidence of user attribution showing who used or owned the device at the time the crimes listed in this warrant were committed, including:

a. records of Internet Protocol addresses used;

b. records of Internet activity, including firewall logs, caches, browser history and cookies, “bookmarked” or “favorite” web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

16. As used above, the terms “records” and “information” include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

17. All bank records, checks, credit card bills, account information, and other financial records concerning the offenses listed above.

18. Any information recording **BLOUNT’s** schedule or travel or movement concerning the offenses listed above to the present.